Per Curiam.

The conceded statutory maximum, for the- subject apartment is, $124,59 per month. The lease provision of $250 per month, therefore, is. illegal and void.. Landlord’s failure to- apply to the Rent Administrator for an administrative determinations of the status of this apartment and for an order exempting the housing accommodation from the regulations during the period of occupancy by the tenant as required by section 13 of the State Rent and Eviction, Regulations was vital and entitles tenant to recover on his counterclaim,. The excess rental paid, to wit, the difference between $250 and $124.59, the monthly statutory maximum, a difference of $125.41 for the months of October, 1958,, to- and inclusive of March, 1959, a period of six months, amounts to the sum of $752,46, A new trial should be had, however, on the subject of tenant’s right to collect treble damages on the issue of willfulness of the overcharge and as to the fixation of an amount for counsel fee.
The final order should be modified by reducing the recovery to $124.59 and judgment directed to be entered in favor of the tenant on his counterclaim in the sum of $752.46, with interest and costs, and a new trial directed on the subject of tenant’s right to collect treble damages on the issue of willfulness of the overcharge and the fixation of an amount of counsel fee and, as modified, final order affirmed, without costs.
Concur — Hecht, J. P., Aurelio and Tilzer, JJ.
Final order modified, etc.
Order of February 18, I960 on the court’s own motion resettled to read as follows: Final order reversed, without costs, and judgment directed in favor of tenant in the sum of $627.87 and ease remitted to the lower court for a trial of the issue as to whether the overcharge was willful, entitling the tenant to treble damages and reasonable counsel fees.